UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED SATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 07 CR 0343 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JEFFREY PANICI | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's Motion to Dismiss the Indictment.

On May 31, 2007, Defendant, Jeffrey Panici, was charged by Complaint of using a telephone to willfully make a threat to unlawfully damage and destroy "'Company A' Building" by means of an explosive, in violation of 18 U.S.C. § 844(e). The affidavit of the United States Secret Service Special Agent in support of the Complaint set forth the following allegations.

On April 17, 2007, at approximately 9:07 a.m., a United States Postal Service employee, Individual 1, of the United States Postal Office located in Company A's Building received a telephone call in which the caller stated, "The [name of Company A] [Building] is going to blow up today." Using the *69 function, Individual 1 identified the telephone call as being made from telephone number 312-946-0427. The Chicago Police Department Bomb and Arson Detectives identified this telephone number as a public payphone in the Hyatt Hotel, located at 151 East Wacker Drive, Chicago, Illinois.

That same day, at approximately 2:38 p.m., a security officer, Individual 2, at the security command post at Company A's Building received a telephone call in which the caller stated, "This is the day the [name of Company A] [Building] explodes." This telephone call was recorded, and the caller identification function on Individual 2's telephone identified the call as originating from 312-565-9111. Chicago Police Department Bomb and Arson Detectives identified this telephone

number as a payphone in the Randolph Street Metra Station at 150 East Randolph, Chicago, Illinois. After being brought to Company A's Building security command post and listening to the recorded 2:38 p.m. telephone call, Individual 1 identified the voice in the recording as being the same voice he had heard during the 9:07 a.m. telephone call.

After determining which payphone was used to make the 2:38 p.m. telephone call, video footage from security cameras was obtained. The video showed a white male, approximately 25 years of age, making a telephone call from the payphone associated with 312-565-9111 at 2:38 p.m.

On May 30, 2007, law enforcement officials observed a person in the lobby of Company A's Building who appeared to be the same person in the April 17, 2007 Randolph Street Metra Station video footage. The individual, later identified as Panici, swiped a building-pass card through a security machine to enter. The card swiped was later identified as being assigned to Panici. That same day, Chicago Police detectives interviewed Panici regarding the two April 17, 2007 telephone calls. After Panici waived his Miranda rights, Panici spoke with the detectives and confessed to making both the 9:07 a.m. and 2:38 p.m. telephone calls on April 17, 2007.

On June 13, 2007, a grand jury indicted Panici with violating 18 U.S.C. § 844(e), specifically, that Panici "through the use of a telephone, an instrument of interstate and foreign commerce, willfully make a threat at approximately 2:38 p.m., unlawfully to damage or destroy a building, namely, "'Company A' Building,' by means of an explosive."

Defendant now moves to dismiss the indictment, arguing that the indictment fails to state an offense.

An indictment is sufficient if it contains the elements of the offense charged and adequately informs the defendant of the specific charges against him that enables the defendant to prepare a defense for trial and permits the defendant to plead an acquittal or conviction in order to bar any future prosecution for the same offense. *United States v. Brack*, 747 F.2d 1142, 1146 (7th Cir. 1984).

Section 844(e) states:

> Whoever, through the use of the mail, telephone, telegraph, or other instrument of interstate or foreign commerce, or in or affecting interstate or foreign commerce, willfully makes any threat, or maliciously conveys false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure or intimidate and individually or unlawfully to damage or destroy any building, vehicle, or other personal property by means of fire or an explosive shall be imprisoned for not more than 10 years or fined under this title, or both.

18 U.S.C. § 844(e). As to Section 844(e), the term "explosive" means

> gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electrical circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such propositions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

18 U.S.C. 844 (j).

Defendant first argues that the indictment insufficiently pleads that he threatened to damage or destroy the building "by . . . an explosive" because the indictment fails to allege that Defendant named the substance or cause that might bring about an "explosion." While not alleging the specific

3

"explosive," the indictment sufficiently pleads the essential element of a Section 844(e) offense by alleging that Defendant threatened to damage or destroy a building "by means of an explosive." *See United States v. Spruili*, 118 F.3d 221, 224-27 (4th Cir. 1997) (*Spruili*) (count that pled defendant willfully threatened to damage or destroy a building "by means of fire and explosives" sufficiently pled violation of Section 844(e) but counts that failed to include that the threats concerned the use of fire or explosives were insufficient to allege a violation of Section 844(e)); *see also United States v. Frazer*, 391 F.3d 866, 867 (7th Cir. 2004) (violation of Section 844(e) for threats that "The bombs are set to go off at 9:15.").

Defendant next argues that the Defendant's statement does not constitute a "threat"; instead, it merely alleges a prediction or hope that the building would be damaged.

To sustain a conviction for a "threat," the Government must prove that the communication was a "true threat." *See United States v. Fuller*, 387 F.3d 643, 646 (7th Cir. 2004) (*Fuller*); *Spruili*, 118 F.3d at 227-28. A "threat" is a "true threat" if "a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm . . ." *Fuller*, 387 F.3d at 646, *quoting United States v. Hoffman*, 806 F.2d 703, 707 (7th Cir. 1986). Statements that are mere political argument, jest, or idle talk do not constitute a true threat. *See Spruili*, 118 F.3d at 228; *see e.g., United States v. Watts*, 394 U.S. 705, 706-07 (1969 (statement during political rally by defendant who stated that if he ever had to carry a rifle for the army, "the first man I want to get in my sights is L.B.J." did not constitute a threat because it was made during a political debate on the Vietnam war, was conditional upon induction into the military, and followed by laughter by all involved); *United States v. Marino*, 148 F. Supp. 75, 77 (N.D. Ill. 1957) (posting stating "There can be slain

4

no sacrifice to God more acceptable than an unjust President" did not constitute threat). "Whether a statement is a true threat is to be decided by the trier of fact." *Fuller*, 387 F.3d at 646.

Here, the Defendant's statement that "This is the day the [name of Company A] [Building] explodes" is not insufficient, as a matter of law, to constitute a true threat as a reasonable person could foresee that the statement could be interpreted by the receiving party as a serious expression of an intent to inflict bodily harm. *See Fuller*, 387 F.3d at 646. The statement could be found to constitute a true threat by the trier of fact.

For the reasons stated above, Defendant's Motion to Dismiss the Indictment is denied.

Dated: November 15, 2007

JOHN W. DARRAH
United States District Court Judge